## GENERAL MOTORS CORPORATION

v.

## UNITED STATES.

No. 482–57.

United States Court of Claims.
Nov. 2, 1960.

Calvert Thomas, Detroit, Mich., for plaintiff. Henry M. Hogan and J. C. Siegesmund, Jr., Detroit, Mich., on the briefs.

Harold S. Larsen, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland and Lyle M. Turner, Washington, D. C., on the briefs.

MADDEN, Judge.

The plaintiff sues to recover a part of the Federal income and excess profits taxes which it paid for the years 1941 and 1942. The ground for its suit is that it was entitled to, but has been denied, de-

ductions, in the amount of $387,436.55, from its taxable income for those years. The claimed deductions are the amounts which the plaintiff paid to the State of Wisconsin in the years 1941 and 1942 as "Privilege Dividend Taxes" imposed by a Wisconsin statute, W.S.A. 71.16.

The state statute imposed a tax of a fixed percentage of the amount of dividends declared and paid by corporations, "for the privilege of declaring and receiving dividends, out of income derived from property located and business transacted" in Wisconsin. The statute said "Every such corporation hereby made liable for such tax, shall deduct the amount of such tax from the dividends so declared."

The Wisconsin statute was enacted in 1935, Laws 1935, c. 505, § 3. The plaintiff, and some other corporations, took the position that it was in violation of the Constitution of the United States and was therefore invalid. The plaintiff did not file the returns or pay the taxes stipulated in the statute until the Supreme Court of the United States, in the case of Wisconsin v. J. C. Penney Co., 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267, decided December 16, 1940, held the statute constitutional. Thereafter the plaintiff in the years 1941 and 1942 accrued on its books the taxes which it claims it was entitled to deduct from its income for those years.

The plaintiff relies on subsections (a), (c) and (d) of section 23 of the Internal Revenue Code of 1939, 26 U.S.C. (1952 ed.) § 23(a), (c) and (d). We quote so much of section 23 as is relevant.

"Sec. 23. Deductions from Gross Income.

"In computing net income there shall be allowed as deductions:

"(a) Expenses.

"(1) Trade or Business Expenses.

"(A) In General—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * *.

*    *    *    *    *    *

"(c) Taxes Generally.

"(1) Allowance in General.—Taxes paid or accrued within the taxable year, except * * *.

*    *    *    *    *    *

"(d) Taxes of Shareholder Paid by Corporation.—The deduction for taxes allowed by subsection (c) shall be allowed to a corporation in the case of taxes imposed upon a shareholder of the corporation upon his interest as shareholder which are paid by the corporation without reimbursement from the shareholder, but in such cases no deduction shall be allowed the shareholder for the amount of such taxes."

We first consider subsection (d). Its language seems to fit the plaintiff's situation exactly. The Government argues that the legislative history of subsection (d) shows that Congress, when enacting it, did not have in mind a situation such as the one present in the plaintiff's case.

The provision was first enacted in section 234(a)(3) of the Revenue Act of 1921, c. 13, 42 Stat. 227. Prior to this statute it had been held that banks were not entitled to a deduction for state taxes paid upon shares of stock in the banks, though the taxes were collected from the banks and the banks did not require the stockholders to reimburse them. See, e. g. Eliot National Bank v. Gill, 1 Cir., 218 F. 600; National Bank of Commerce in St. Louis v. Allen, 8 Cir., 223 F. 472. See Senate Hearings on Internal Revenue (Sept. 1–October 1, 1921, pp. 250–251.) (Confidential Committee Print, subsequently released for publication).

Senate Report No. 275, 67th Cong., 1st Sess. at p. 19, [1939–1 Cum.Bull. (part 2) 181, 194] reporting the 1921 bill to the Senate, contained the following statement:

"Section 234 authorizes corporations to take deductions similar to those accorded individuals by the terms of section 214, with the following provisions applicable only to corporations: (1) Corporations (particularly banks) are permitted to deduct certain taxes paid by them for

or on behalf of their shareholders or members; * * *."

Treasury Regulations 62, promulgated under the Revenue Act of 1921, provided in Article 566:

"Under the Revenue Act of 1921 banks or other corporations paying taxes assessed against their stockholders *on account of their ownership* of the shares of stock issued by such corporations, without reimbursement from such shareholder or member, may deduct the amount of taxes so paid." (Emphasis supplied.)

This regulation is now section 19.23(d)–1 of Treasury Regulations 103, promulgated under the Internal Revenue Code of 1939.

The Government concedes that the language of section 23(d) is broad enough to include a tax imposed upon a shareholder on account of his privilege of receiving dividends. It says, however, that the regulation, in effect for so many years, has narrowed the statute so that it covers only property taxes imposed upon the shareholders' ownership of the stock. We first inquire whether the regulation means to restrict the scope of the statute.

One does not receive dividends from a corporation, nor have the privilege of receiving dividends, unless he owns some stock. The tax is payable by him because of, i. e., "on account of", his ownership of the shares and the consequent ownership of the right to receive dividends.

There is strong internal evidence in the regulations themselves that the variation of language between the statute and the regulations was an inadvertence. Section 214(a)(3)(d) of the 1921 statute, 42 Stat. 227, 239–240, was the provision that an individual was not entitled to deduct "taxes imposed upon the taxpayer upon his interest as shareholder * * * which are paid by the corporation without reimbursement from the taxpayer." This was, of course, the exact wording of section 234(a)(3) of the 1921 Revenue Act [section 23(d)'s predecessor] allowing the corporation to deduct those taxes which could not be deducted by the shareholder. While, as we have seen above, the regulation based on section 234(a)(3) changed the statutory language, Article 135 of Treasury Regulations 62, based on section 214(a)(3)(d) of the 1921 Act, repeated the statutory language without change, stating that an individual might not deduct "the taxes imposed upon his interest as shareholder * * * which are paid by the corporation without reimbursement from the taxpayer." We can see no reason, other than inadvertence, why the regulation based on section 234(a)(3), permitting the corporation to take the deduction, should have varied from the statutory language, while the regulation based on section 214(a)(3) (d), denying the deduction to the stockholder, repeated the statutory language exactly. These were complementary statutory provisions, and an intent on the part of the Treasury to provide, as the Government's argument would have it, a different scope for the corporation's deduction allowed than for the shareholder's deduction denied would be impossible to rationalize.

Although section 23(d) dates back to 1921, the parties have cited only one court decision interpreting it, viz., Eastern Gas and Fuel Associates v. Commissioner, 1 Cir., 128 F.2d 369. In that case the Court said, of section 23(d),

"It is clear from the regulations that the use of the term 'interest' relates to a tax upon the ownership of stock and not to the income derived therefrom." 128 F.2d 375.

With deference, we think it is by no means clear from the regulations that the Treasury had the intent to restrict the effect of the statute or that, if for some reason not disclosed to us, it had such an intent, it used language which expressed that intent. We conclude that the plaintiff has a valid claim under section 23(d).

As we have said, the plaintiff also relies on subsection (a) of section 23 asserting that its payment of the tax was an "ordinary and necessary" business expense. As shown in finding 23(b) the plaintiff

had more than 300,000 shareholders. Because the tax was imposed only upon the income attributable to the plaintiff's business in Wisconsin, which was a small part of its total income, the amount deductible from the quarterly dividend check of a majority of the plaintiff's shareholders would have been less than one cent, and as to many shareholders it would have been less than one-half a cent. It was economically wise for the plaintiff to absorb the cost of this tax rather than to pay several times the amount of the tax to get it computed and recorded accurately for each shareholder. See Baltimore Steam Packet Co. v. United States, Ct.Cl., 180 F.Supp. 347 (decided January 20, 1960); Canton Cotton Mills v. United States, 1951, 94 F.Supp. 561, 119 Ct.Cl. 24. It may be observed that if the plaintiff had undergone the expense of subtracting the tax from the shareholders' dividends, that expense would have been an "ordinary and necessary" and therefore deductible expense, and the Federal Government would have borne a large share of it because it would have reduced the plaintiff's income and excess profits taxes.

What we have said about section 23(a) may not be valid as to the relatively small part of the claimed deduction which was accrued by the plaintiff in the year 1942. As to that year there is a question as to the adequacy of the claim for refund as originaly filed. We do not consider nor decide that question, nor the question of the plaintiff's right to recover under subsection (c) of section 23.

The plaintiff is entitled to recover, with interest as provided by law, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and DURFEE and LARAMORE, Judges, concur.

WHITAKER, Judge, took no part in the consideration and decision of this case.